UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURBAJ SINGH,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>　　　　　　　Respondents. | Case No. 1:26-cv-00773-JLT-SKO<br><br>ORDER WITHDRAWING THE REFERENCE TO THE MAGISTRAE JUDGE AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Gurbaj Singh is a federal immigration detainee with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from India who entered the United States December 4, 2023, where he was encountered by the Department of Homeland Security. (Doc. 1 at 1.) On December 16, 2023, DHS served Petitioner with a Notice to Appear ("NTA") which designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an "alien present in the United States without being admitted or paroled, or who arrived in the

United States at any time or place other than as designated by the Attorney General. (*Id*. at 2.) Petitioner was subsequently released from custody on his own recognizance with conditions of release requiring Petitioner to be placed on Alternative to Detention monitoring and mandated that Petitioner check in with Immigration and Customs Enforcement. (*Id*.) Following his release from detention, Petitioner timely filed a Form I-589, Application for Asylum with the immigration court, obtained gainful employment, complied with all the conditions of his release, and maintained a clean criminal record. (*Id*.)

On or about November 23, 2025, Petitioner was arrested by Immigration and Customs Enforcement and is currently detained at California City Detention Facility in California City, California. (*Id*.) On January 29, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On February 25, 2026, Respondents filed a response, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8 at 1.)

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.     DISCUSSION

Petitioner claims that her ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated her rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 13.)[1] To the extent that Respondents substantively address Petitioner's

---

[1] Petitioner also claims his unlawful detention constitutes a violation of the Immigration and Nationality Act. (Doc. 1 at 12.) Given that Petitioner's due process claim serves as the basis for relief and Petitioner's immediate release from detention, the Court declines to address Petitioner's additional claims.

2

1  due process argument, they deploy a blanket assertion that Petitioner is an "applicant for
2  admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and
3  therefore categorically ineligible for a bond hearing. (Doc. 8 at 1-2.) Courts nationwide, including
4  this one, have overwhelmingly rejected Respondents' new legal position and found the DHS
5  policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185
6  (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D.
7  Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D.
8  Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016
9  (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL
10 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chesnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL
11 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC),
12 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

13  Respondents offer little to rebut Petitioner's due process claim and do not provide any
14 justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders,
15 the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due
16 Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**
2. Because the government has no evidence that Petitioner poses a risk of flight or poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on her, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.
3. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice[2] of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

3

evidence that he is likely to flee or pose a danger to the community if not arrested

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: __**February 26, 2026**__ 

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

4